[No. 1120.]

JOSEPH TOGNINI ET AL., APPELLANTS, *v.* PETER N. HANSEN, RESPONDENT.

INSTRUCTION UPON POINT NOT IN ISSUE—WHEN NEW TRIAL SHOULD BE GRANTED —The court below granted a new trial on the ground that the jury had been instructed to find upon a material fact concerning which no evidence was introduced at the trial : *Held,* upon the review of the testimony, that the ruling of the district court was correct.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts are stated in the opinion.

*F. W. Cole,* for Appellants.

*Wren & Cheney* and *R. M. Beatty,* for Respondent.

By the Court, LEONARD, J.:

This action was commenced May 27, 1881. In their complaint plaintiffs allege that on or about August 11, 1879, the defendant entered into a contract with the firms of Leonardi & Co. and Alberigi & Co., by which contract said firms agreed to manufacture charcoal on the Daney & Ellison ranch, in Eureka county, and deliver the same to defendant, and in consideration thereof defendant agreed to pay to said firms, on delivery of said charcoal, the sum of fourteen cents per bushel for each and every bushel so delivered ; that on or about the twenty-sixth day of March, 1880, plaintiffs succeeded to the rights of said firms in said contract, by virtue of an equitable assignment of the same to plaintiffs, and that ever since the last-named date defendant has recognized plaintiffs as the successors in interest in and to said contract. Then follows an allegation that under and by virtue of said contract, since March 26, 1880, plaintiffs manufactured charcoal and delivered the same to defendant, to the amount of fifty thousand bushels, and that defendant has received the same ; that there is now due and owing thereon from defendant to plaintiffs the sum of seven thousand dollars.

For a second and separate cause of action it is alleged that plaintiffs, since January 1, 1881, at defendant's request, have sold and delivered to defendant fifty thousand bushels of charcoal, of the value of seven thousand dollars, and that defendant has not paid for the same. At the trial, by an amendment to the complaint, plaintiffs were permitted to further allege that between January 1, 1880, and May 27, 1881, plaintiffs, at defendant's request, manufactured and delivered to defendant fifty thousand bushels of charcoal, of the value of seven thousand dollars, no part of which had been paid. Defendant denied each and every allegation in the original complaint contained, and those in the amendment thereto were, and are, treated as denied. Plaintiffs obtained verdict and judgment for two thousand six hundred and seventeen dollars and seventy-eight cents and costs.

This appeal is taken from an order granting a new trial, because plaintiffs' instruction No. 1 was given to the jury, when, in the opinion of the court, there was no evidence to justify the same, and in consequence of which the jury were led into an error in rendering their verdict. The instruction in question is as follows : " It is a question of fact for you to consider whether the firms of Leonardi & Co. and Alberigi & Co. were one and the same firm, and as to whether the wood cut or charcoal burned was so cut or burned by one or both of such firms, or how much was cut or burned by each of said firms."

It is not claimed by appellants that the court erred in granting a new trial, if its conclusion was correct that there was no evidence tending to show that the firms of Leonardi & Co. and Alberigi & Co. were one and the same firm. The record discloses but one contract, and that was made by defendant and Leonardi & Co., although the court, in its opinion, says that, upon the trial, the defendant introduced in evidence the original written contract between himself and Alberigi & Co., which disclosed the same terms as that between him and Leonardi & Co., and was dated July 26, 1879. The contract between defendant and Leonardi & Co. was dated August 11, 1879.

Defendant testified that there was no connection between the two firms mentioned ; that they worked under different contracts, the terms of which were substantially the same ; that before plaintiffs and Torre levied upon the wood and coal, as hereinafter stated, Leonardi & Co. had cut a large amount of wood and burned it into coal, and that he had paid them over $1,600 therefor ; that Alberigi & Co. also cut wood under their contract, enough to make 23,000 bushels of charcoal, and that about the first of December, 1879, they threw up their contract and turned the wood over to him in satisfaction of certain indebtedness due from them to him. Defendant also testified that at the time of the sheriff's sale in Torre's suit, March 26, 1880, he notified plaintiffs that the wood cut by Alberigi & Co. was his, and that he did not want it burned into charcoal.

Plaintiffs did not undertake to disprove this testimony. So, as stated by the court below, "there was no attempt to contradict the testimony of the defense that the Alberigi & Co.'s wood was cut and paid for before plaintiffs came upon the scene ; that plaintiffs were notified that defendant owned the same, and did not wish it burned into charcoal ; and that, notwithstanding, plaintiffs proceeded at their peril, and burned that wood into charcoal."

Defendant testified that Leonardi & Co. had cut very little wood, if any, at the time Alberigi & Co. turned their wood over to him ; that his wood ranch was made up of two or three different ranches that he had bought; that Leonardi & Co. cut wood in one place, and Alberigi & Co. in another ; that the Leonardi coal was manufactured by Leonardi and Alberigi, after they went in together, about the first of December, 1880. We quote from his testimony : "That (the Leonardi) was the coal that I gave Tognini & Co. notice that I would receive from them. That had nothing to do with the Alberigi wood or coal. I never gave Tognini & Co. notice that I would receive any coal burned from the Alberigi & Co. wood, and I never in any way recognized the right of Tognini & Co. to burn it into charcoal." The notice given in evidence corresponds with

this testimony. It was given in January, 1881, and referred only to the coal burned by Leonardi & Co.

Again, plaintiffs' rights in this action, whatever they are, are based upon the fact that plaintiffs are the successors of Leonardi & Co., for the reason that they made a certain purchase at sheriff's sale, in the case of *John Torre* v. *Giovanni Demetro, Guisseppi Ludessi and Antonio Leonardi*, and the further reason, as they claim, that they were recognized and treated by the defendant as the successors of Leonardi & Co. But the names of each of the defendants in that case appear in the judgment, execution, sheriff's return on execution, notice of sale, and sheriff's certificate of sale, and in neither document does the name of Alberigi & Co., or any member of that firm, appear. It was a part of the judgment in that case that execution issue against the separate property of the defendants served with summons, and the joint property of all the defendants, to-wit: Giovanni Demetre, Guisseppi Ludessi, Antonio Leonardi and Adnaino Andreucetti. If Alberigi & Co., or any member of that firm, had any interest in the property or property rights purchased, they were not conveyed to plaintiffs under the sale. Defendant not only notified Torre and plaintiffs that he owned the property in question, but Torre gave the sheriff an indemnifying bond, with plaintiff Tognini as one of the sureties. This was as early as March 26, 1880, before plaintiffs burned any coal from the Alberigi wood. Besides, plaintiffs brought suit in the justice's court and attached ten thousand bushels of charcoal, and wood sufficient to make thirty thousand bushels of coal, more or less, as the property of Antonio Leonardi and A. Andreucetti.

The coal attached in the last-named suit, we understand, was that admitted by defendant to have been burned by Leonardi & Co. under their contract, which was on the ranch when plaintiffs commenced to burn coal, and the wood was cut by Alberigi & Co. under their contract, which was abandoned about December 1, 1879, by consent of defendant, who took the wood cut in satisfaction of Alberigi & Co.'s indebtedness to him. But counsel for appellants

says defendant's statement that the two firms were separate, and worked under distinct contracts, is contradicted by his further statement that Alberigi & Co. and Leonardi & Co. cut wood together after November, 1879, and that a certain pass-book admitted in evidence was kept in the name of Alberigi & Leonardi.    Defendant stated that Alberigi went to work with Leonardi after he threw up his contract, and there is nothing to prove that the purchases shown by the pass-book were made prior to that time.    Alberigi might have been a member of the firm of Leonardi & Co. after November or December, 1879, and, consistently with that fact, the pass-book thereafter might have been kept as stated.    But the fact that Alberigi was a member of the firm of Leonardi & Co. after the contract of Alberigi & Co. had been abandoned, does not tend to show that, prior to that date, Alberigi & Co. and Leonardi & Co. were one and the same firm, or that the wood cut previously by A. & Co. was the property of L. & Co.

Plaintiff Tognini testified as follows : "There were three or four members of the firm of Leonardi & Co.    Leonardi and Alberigi were all I knew."    The witness might have meant, and, we presume, did mean, that Alberigi was one of that firm after he abandoned his own contract, November or December, 1879.    That view accords with the testimony of defendant, and is not inconsistent with plaintiffs'.

Finally, it is said, the fact that defendant gave plaintiffs a statement of the Alberigi & Co. coal shipped by him in February, 1881, is inconsistent with the idea that he did not, prior to that time, consider the A. & Co. coal and the L. & Co. coal were one and the same.    Defendant said he gave the statement because plaintiffs asked for it.    But he had given previous notice that the wood cut by A. & Co. was his property, and that he did not want it burned into coal.    Plaintiffs not only failed to get defendant's consent to the manufacture of the Alberigi wood into coal, but they did so against his protest.    They were not misled by his words or acts.    And the fact that he subsequently, at plaintiffs' request, gave them a statement, is not any evi-

dence of his previous consent or his subsequent ratification.

We think the order appealed from should be affirmed, and it is so ordered.